APPEAL from the judgment of a justice of the peace.
The respondent filed a pro narr., in debt on a judgment recovered before Francis Hoover, a justice of the peace for Kent county, at the suit of Enoch Spruance, respondent vs. Wm. S. Bishop, the appellant, and Jas. Clark and Chas. W. Smith, for the debt of $27 95, with costs, on the 24th of February, 1830; which said Clark and Smith have died, leaving the appellant to survive them. Demand $50. The justice's transcript showed that an execution issued directed to S. Wools, dated February 24, 1830, returnable April 12, 1830, which execution was returned by plaintiff with certain credits endorsed, amounting to $24. That an alias execution issued Sept. 17, 1836, to John Woodall, returnable the 2d of Jan., 1837, and was returned endorsed with a further payment of $5, made to the plaintiff, June 26, 1839. Scire facias issued May 19, 1842, by Wm. Ringgold, Esq., against Wm. S. Bishop, the only surviving defendant, to revive the judgment recovered before Justice Hoover, upon which a balance of $11 60 was now claimed. Scire facias directed *Page 115 
to Thomas Hawkins, constable, returnable the 31st of May, 1842. Constable returned sci. fa., served personally May 27, 1842. Appearance; trial; judgment for plaintiff, and appeal.
The defendant pleaded, amongst other pleas, payment; and that the judgment was satisfied by the execution process issued thereon. The case stood at present on a demurrer.
Frame. — Was the debt satisfied by the return of the execution? It is dated February 24th, 1830, returnable April 12, 1830. It was returned by plaintiff. While an execution is out, unreturned, I admit the judgment may be considered satisfied; or rather, that no proceedings can be had until the execution is returned; for until then it cannot appear whether the judgment is satisfied or not. This execution was returned by plaintiff. Is that a sufficient return?
Bates. — This execution was delivered to Wools, constable, returnable April 12, 1830. Before its return there were payments, in 1830 and 1832. It is returned by the plaintiff, as appears by the record. The return is an official act, and the defendant has a right to know by the return of the officer, whether the officer has received the money, or what has been done on the execution. Plaintiff endorsed the execution with the credits. There is no return under the hand of the constable, which is essential. (18 Com. Law 307,Wilson vs. Kingston; 2 Tidd 933; 1 Salk. 318.)
Ordered, that judgment be entered for Bishop, the appellant, on the ground that the party could not issue other execution process whilst the former remained unreturned, the presumption of law being that the judgment was satisfied on the first execution, until the contrary appeared by the return of the officer.