THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

V.

HARDIN B. BRAYTON ET AL.

*Justice's Official Bond—Action on—Execution—Refusal to Issue.*

A justice of the peace is not bound to issue an alias execution upon the mere return to him of an execution having no indorsement thereon, which he had delivered to the plaintiff's attorney nineteen months before.

[Opinion filed November 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. SPARLING & SURINE, for appellants.

Messrs. JONES & LUSK, for appellees.

WATERMAN, J: This is a suit upon the official bond of a justice of the peace.

It was alleged in the declaration filed, that Hardin B. Brayton, being a justice of the peace in and for the town of South

Chicago, a judgment was obtained before him on the 23d of January, 1888, by Henry Tillotson and Thomas C. Rogers, against John A. Matheron; that on the 24th day of February, 1890, said judgment was in full force and effect and wholly unsatisfied; that on said last mentioned day said Tillotson and Rogers tendered to said Brayton his legal costs and charges, and made demand that he issue execution on said judgment, which he then and there refused to do, and ever since has refused to do.

To this the defendants pleaded that on the 10th day of November, 1888, said Brayton issued an execution on said judgment and delivered the same to the attorney for Tillotson and Rogers, and that said execution has never been returned as required by said execution, by any constable of said county, nor with any return or indorsement of any officer or person authorized by law to make any return of or upon said execution; that for want of any such return upon said execution, said Brayton refused to issue execution on said judgment on the 24th of February, 1890, as he lawfully might.

To this the plaintiffs replied, that from the time the said execution was delivered by the said Brayton to the said Tillotson and Rogers, they retained the same in their possession, and it was not out of their possession until the 24th day of February, 1890, when the said Tillotson and Rogers delivered said execution in said plea mentioned back to said Brayton wholly unsatisfied. That after the same was delivered back they made the legal tender of fees and charges and demand in the declaration mentioned. To this the defendants demurred, which demurrer was sustained, and the plaintiffs appealed. Appellants contend, that as the statute requires every justice to keep a record of the name of the officer to whom all process issued by him is delivered, and as their execution was never delivered to any officer, it never had any force, and that therefore a return indorsed upon it by an officer was unnecessary in order to make it the duty of the justice to issue an alias.

In effect this contention is that there was no issue of an

The People v. Brayton.

execution, and consequently not only no necessity for any return, but that there could not be a return upon an execution which, in contemplation of law, had never been issued.

The law of this State, as it existed on the 24th day of February, 1890, allowed the issue of executions on the judgments of justices of the peace at any time within seven years next after the rendition thereof, no execution being permitted to be issued within the first twenty days after judgment, except upon oath as to belief that the debt would be lost unless execution be issued forthwith.    In this case an execution had been made out and delivered to the attorney for plaintiffs.    Plaintiffs had kept the same for more than a year and a day, having all this while an opportunity to deliver it to a constable.

If the execution during the life thereof had been delivered to a constable of Cook county to execute, then, before the justice could be required to issue another, such execution with a proper return indorsed thereon by such officer must have been returned to the justice.    Bishop v. Spinance, 4 Harrington, 114; Freeman on Executions, Sec. 49; County Clerk of Calhoun County v. Buck, 27 Ill. 440.

From the execution without indorsement thereon, handed to the justice on the 24th day of February, 1890, the justice could not know whether it had ever been in the hands of a constable or not; and it is not alleged in the pleadings that it was satisfactorily or otherwise made known to the justice, either that the execution had during the life thereof been delivered to an officer, or that the judgment had not been in whole or in part paid.

Therefore the plaintiffs did not by the mere handing to the justice of an execution issued nineteen months before, and having no indorsement thereon, establish a right to the issue of an execution on the 24th day of February, 1890.

*Judgment affirmed.*