## Eliza A. Skolfield *vs.* Eben H. Skolfield.

### Franklin.    Opinion October 26, 1897.

*Dower.   Assignment.   Practice.   R. S., c. 103, § 22.*

When the report of commissioners selected to set out dower on a writ of seizin, under R. S., c. 103, § 22, is not accepted because of irregularities of procedure disclosed therein, it is not error for the court to re-commit the report to the same commissioners to set out dower anew, in accordance with law.

In such case, the commissioners act by virtue of their original appointment and under their original oaths.

When the commissioners set out to the demandant certain parcels of land " as and for dower," it is held to have been a sufficient assignment.

It is not necessary that the writ of seizin to set out dower should contain specific directions to the commissioners. Their duties are prescribed by law. It would be inconvenient, not to say impossible, to incorporate them all in the writ of seizin.

See *Skolfield* v. *Skolfield*, 88 Maine, 258; *Same* v. *Robertson*, Ibid.

On Exceptions.

This was an action of dower. Upon a return of the report by the commissioners, who were selected to set out to the plaintiff her dower in certain lands described in the writ, and attached to the writ as part of the officer's return, the defendant made objections to it. These objections were overruled by the court and the defendant took exceptions. The writ of seizin, the commissioners' report as amended by them in accordance with the decision of the court in 88 Maine, 258, and the officer's return on the writ were made a part of the bill of exceptions.

The case appears in the opinion.

*J. C. Holman*, for plaintiff.

The exceptions show no specific objections to the report, but are of a general nature and should be overruled for that reason alone. *Comstock* v. *Smith*, 23 Maine, 202; *Emery* v. *Vinall*, 26 Maine,

295; *White* v. *Chadbourne*, 41 Maine, 149; *Howard* v. *Kimball*, 65 Maine, 326.

*H. L. Whitcomb*, for defendant.

If the doings on the writ of possession, in the first instance, were any bar to a renewal of the writ, scire facias should have been brought, and a new writ obtained. *Walker* v. *Gilman*, 45 Maine, 30.

To all intents and purposes it was a new assignment. The commissioners took a new oath as the officer states in his return, and the tenant should have been entitled to a voice in the selection of the commissioners, the same as at the first assignment.

It should appear from the report of the commissioners, or the officer's return, that they set out to her as dower, such a part of the land as will produce an income, equal to one-third part of the income which the whole estate would now produce, if no improvements had been made upon it since the alienation, or the decree of divorce. *Carter* v. *Parker*, 28 Maine, 509.

The case does not show whether they assigned one-third the number of acres, one-third the value at the time of assignment, one-third the value at the time of the divorce, what would yield an income equal to one-third of the whole income at the time of the divorce, or at the time of the assignment.

In all cases, some time is fixed for the return of an execution, and the general law is three months from the time of completing the levy. R. S., c. 76, § 16. At the February term, 1896, the entry was made: " Report re-committed to set out dower *anew* in accordance with the requirements of law." That writ was returned into court at the June term, 1897,—nearly three years after it issued.

The first execution should have remained in court, and an alias should have issued. *Belcher* v. *Knowlton*, 88 Maine, 93. The report of the commissioners was not re-committed for the purpose that errors might be corrected, but was re-committed " to set out dower anew, in accordance with the requirements of law."

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

SAVAGE, J. Exceptions to the acceptance of the report of commissioners selected to set out dower to the demandant on a writ of seizin. The writ issued July 17, 1894, and it contained a mandate that it should be returned to the term of the court then next to be held on the fourth Tuesday of September, 1894, and the writ was accordingly so returned. Exceptions to the acceptance of the report of the commissioners were then taken, and those exceptions were sustained by this court, 88 Maine, 258.

In the opinion in that case, it was suggested that the irregularities which had been complained of, and which had proved fatal, could be "corrected on a new assignment." At the February term of the court, 1896, the report of the commissioners was "re-committed to set out dower anew in accordance with the requirements of law," and upon the same writ of seizin, the same commissioners, being newly sworn, made a new assignment. Their report thereof, attached to the return on the writ, was returned into court at the June term, 1897. The report was accepted, and the tenant excepted.

I. The tenant claims that the writ of seizin having been returned in accordance with the mandate contained therein, after the first assignment, was functus officio; that the new assignment should have been made upon an alias writ of seizin; or if the doings on the writ of seizin, in the first instance, were a bar to the renewal of the writ, that scire facias should have been brought and a new writ obtained, and therefore, that all the proceedings now complained of are void. The counsel for the tenant bases his reasoning upon supposed analogies between writs of seizin, and executions and writs of possession.

We are unable to concur in this view. We see no objection to the course which was pursued in this case. Writs of execution, and writs of possession which are likewise writs of execution, are final judicial processes, and upon being properly served and returned take effect, without further order or action of the court.

The statute fixes the time when they shall be made returnable. Alias executions and writs of possession issue at any time after former ones have been returned, as a matter of course. R. S., chap. 82, § 140 ; *Belcher* v. *Knowlton*, 89 Maine, 93. Unlike the service of executions and writs of possession, the doings of commissioners under a writ of seizin, to set out dower, have no efficacy until accepted and approved by the court. Writs of seizin, in this respect, are more analogous to warrants to commissioners to make partition. An assignment of dower is, in effect, a species of partition. The report of the commissioners in either case must be returned to the court for further judicial action. The statute prescribes no time within which a writ of seizin must be returned. Necessarily it must be returned to a term of the court.

The writ in this case was originally made returnable to a term certain, and it was so returned. But the assignment of dower was void because of irregularities in procedure on the part of the commissioners. Their report instead of being accepted was re-committed. This court is of opinion that the court at nisi prius had power to re-commit the report, to the end that an assignment might be made in accordance with law, the same as it has power to re-commit the report of commissioners appointed to make partition, for the correction of errors in their prior proceedings. *Ware* v. *Hunnewell*, 20 Maine, 291. One would virtually be a new assignment, as the other would be a new partition.

The tenant complains that by this proceeding he was deprived of a voice in the selection of the commissioners, the same as at the first assignment. The answer is that the report was re-committed to the same commissioners, one of whom had been selected by the tenant. They were to act by virtue of their original appointment, and under their original oaths. But were it otherwise, the complaint of the tenant is unfounded, because it appears by the return of the officer that the tenant did select one of the commissioners, in this proceeding, and as a matter of extra precaution probably, the commissioners were sworn anew.

II.   The tenant further complains that it should appear from

the report of the commissioners, or from the officer's return, that they set out to the demandant as dower, such part of the land as would produce an income equal to one-third part of the income which the whole estate would now produce, if no improvements had been made upon it since the demandant's decree of divorce. *Carter* v. *Parker*, 28 Maine, 509.

But the commissioners did set out the parcels described in their report to the demandant, "as and for her dower," and this has been held a sufficient assignment. *Skolfield* v. *Robertson*, 88 Maine, 258. In this latter case the court said: "The term dower is one very well understood by laymen; and when the appraisers set out a part of the tract, as and for dower, the necessary implication follows, that they adjudged it would produce one-third of the income of the whole lot subject to dower."

III. Finally, the tenant complains that the writ of seizin gave the commissioners no directions whatever. This was not necessary. The writ directed the officer to cause the demandant's dower " to be assigned and set out to her by three disinterested persons to be appointed by the plaintiff, defendant and officer as in the levy of an execution on land." The duties of such commissioners are prescribed by law, and it would be manifestly inconvenient, not to say impossible, to incorporate them in the writ of seizin. There certainly can be no greater necessity for such directions in a writ of seizin, than there is for directions to appraisers in a writ of execution.

*Exceptions overruled.*