**Everett O. PEDERSON and Joan C. Pederson**

v.

**Florence E. COLE[1].**

Supreme Judicial Court of Maine.
Argued Sept. 20, 1985.
Decided Oct. 22, 1985.

---

**1.** Leroy W. Cole was an initial party defendant     but died on January 8, 1984.

Rudman & Winchell, Bruce Mallonee, (orally), Edith A. Richardson, Winfred A. Stevens, Bangor, for plaintiffs.

Richard M. Dostie, (orally), Belfast, for defendants.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Florence Cole, appeals from the portion of the judgment of the Superior Court, Penobscot County, awarding punitive damages to the plaintiffs, Everett O. and Joan C. Pederson. Because we hold the trial court acted within its discretion and correctly applied the law in its denial of the defendant's post-judgment motions, we affirm the judgment.

In January, 1971, the plaintiffs entered into a written agreement for the purchase of land from the defendant. The agreement provided for immediate occupancy of the premises by the plaintiffs. By March, 1981, the plaintiffs had completed all payments due under the agreement. In February, 1983, when after repeated demands the defendant had refused to deliver the deed and abstract required by the agreement, the plaintiffs filed suit for specific performance. On October 5, 1983, at the pretrial conference, without objection by the defendant, the court granted the plaintiffs' motion to amend the complaint. By the amended complaint, the plaintiffs alleged an additional claim of willful and wanton conduct on the part of the defendant for which they sought punitive damages. The defendant failed to file an answer to the amended complaint.

Both parties received timely notice of a jury-waived trial date of October 3, 1984. Neither the defendant nor her counsel appeared at the trial. At the close of the plaintiffs' case, the court entered a judgment for the plaintiffs ordering specific performance of the agreement and awarding the plaintiffs $6,000 in punitive damages.

In response to a motion by the defendant, the court filed its findings of fact and conclusions of law. The defendant then filed a motion requesting amended findings of fact, pursuant to M.R.Civ.P. 52(b), and an amended judgment and a new trial, pursuant to M.R.Civ.P. 59. After hearing, the court denied these motions. The defendant then filed a motion for relief from judgment on the grounds of mistake, inadvertence, surprise and excusable neglect. M.R. Civ.P. 60(b)(1). By agreement of the parties, this motion was submitted to the court on affidavits without a hearing. On January 21, 1985, the court entered its order denying the motion, and the defendant appeals.

We first examine the defendant's contention that the trial court abused its discretion in denying the defendant's motion for relief made pursuant to M.R.Civ.P. 60(b)(1). In his supporting affidavit counsel for the defendant states that he received notice of the October 3 trial date about September 17. He alleges that he misunderstood the status of the docket as a result of conversations with the clerk of the Superior Court prior to October 3 and conversations on October 3 with counsel appearing in other

cases on the trial docket for that date. Although his affidavit discloses that on October 3 he was in the courthouse during the morning and remained until as late as 12:30 p.m., he made no contact with the court or the clerk of the court concerning the trial status of the case.

The trial court's decision on a Rule 60(b)(1) motion will be reviewable only for abuse of discretion. *Ingham v. Tzikas*, 320 A.2d 665, 667 (Me.1974). The moving party must allege facts sufficient to support a claim of mistake, surprise or excusable neglect, *id.*, and make some showing of why he was justified in failing to avoid the mistake, surprise or neglect. *Laurel Bank & Trust Co. v. Burns*, 398 A.2d 41, 44–45 (Me.1979).

Here, the defendant had approximately sixteen days prior notice of the trial date. Her counsel was present in the courthouse on the date of trial and made no effort to determine from the clerk or the court whether, in fact, the case would be tried on the scheduled date. The court acted within its discretion in holding that the defendant had not mistaken, or been surprised by, the date of trial, and that the failure to appear was not inadvertent or excusable neglect.

We next examine the defendant's contention that the plaintiffs neither alleged nor proved a basis for the award of punitive damages and therefore the court erred in denying the defendant's motion for an amended judgment and a new trial.

The amended complaint added an allegation of willful and wanton disregard of the plaintiffs' rights and a claim for punitive damages. By the amended complaint, the plaintiffs alerted the defendant to an additional factual allegation and the relief sought on that claim. In violation of M.R.Civ.P. 15(a) the defendant failed to answer the amended complaint. *See also* M.R.Civ.P. 8(b) ("[a] party shall state ... his defenses to each claim asserted") and Rule 8(d) (averments in pleading to which responsive pleading required, admitted if not denied). Despite this failure the defendant could have tested the legal sufficiency of the amendment to the complaint by a motion to dismiss for failure to state a claim upon which relief could be granted. M.R.Civ.P. 12(b)(6). *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.11 (2d ed.1970). The defense under Rule 12(b)(6) of failure to state a claim upon which relief can be granted may be made in any pleading, or by a motion for judgment on the pleadings, or at the trial on the merits. M.R.Civ.P. 12(h)(2). This allows the court prior to the entry of a judgment to focus upon the precise issue, and also allows a plaintiff, if necessary, to seek an amendment pursuant to the provisions of Rule 15(a) or (b). Here, however, the defendant did not raise the issue of the sufficiency of the amendment to the complaint prior to judgment. The defendant's failure to raise the Rule 12(b)(6) defense until after trial constitutes a waiver as to the sufficiency of the complaint. *See Anderson v. Marston*, 161 Me. 378, 385, 213 A.2d 48, 51 (1965) (denying motion for a new trial); 1 Field, McKusick & Wroth, *supra*, § 12.18. *See also Margani v. Sanders*, 453 A.2d 501, 504 (Me.1982) (waiver under M.R.Civ.P. 12(h)(1) of lack of personal jurisdiction).[2]

The defendant's claim of the insufficiency of the evidence on which the judgment is based is also without merit. A motion for judgment in a non-jury trial, pursuant to M.R.Civ.P. 50(d),[3] provides the

---

2. The defense of lack of subject-matter jurisdiction may be raised at any time, even *sua sponte* by an appellate court. M.R.Civ.P. 12(h)(3); *Estate of Lerman*, 451 A.2d 640, 641 (Me.1982). Here, however, there is no question that the trial court had subject-matter jurisdiction, i.e., that the court had power to hear a claim of and render a binding judgment for punitive damages. Any claimed deficiency in the pleading or proof does not deprive the court of jurisdiction.

3. M.R.Civ.P. 50(d) provides:

   **(d) Motion for Judgment in Nonjury Case.** After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, with-

same mechanism for a defendant to test the sufficiency of the evidence offered by a plaintiff as does rule 50(a) in a jury trial. *Department of Human Services v. Earle,* 481 A.2d 175, 179 (Me.1984). Here the defendant by her failure to attend the trial waived this mechanism to test the sufficiency of the evidence. Rule 52(b), however, offers an alternative mechanism: when the court in a non-jury trial makes findings of fact, a party may challenge the sufficiency of the evidence to support the findings "whether or not" the party in the trial court made a motion for judgment. M.R.Civ.P. 52(b).[4] Here the trial court found that the plaintiffs had met their burden of proof on the allegations made in the amended complaint of the defendant's willful and wanton conduct. The trial court's finding of the defendant's willful and wanton conduct must stand unless it is clearly erroneous. *See Harmon v. Emerson,* 425 A.2d 978, 981–82 (Me.1981). Our careful

review of the record discloses that there is sufficient evidence to support the court's finding. *See Gagne v. Cianbro Corp.,* 431 A.2d 1313, 1317 (Me.1981). Accordingly, we hold that the court did not err in denying the defendant's motion for an amended judgment and for a new trial.

We hold the trial court acted within its discretion and correctly applied the law in denying the defendant's post-judgment motions.

The entry is:

Judgment affirmed.

All concurring.

---

out waiving his right to offer evidence in the event the motion is not granted, may move for judgment on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall upon request make findings as provided in Rule 52(a).

**4.** M.R.Civ.P. 52(b) provides in pertinent part:
When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the trial court an objection to such findings or has made a motion to amend them or a motion for judgment.