**Richard L. WRIGHT**

v.

**DEPARTMENT OF DEFENSE AND VETERANS SERVICES.**

Supreme Judicial Court of Maine.

Argued March 3, 1993.

Decided April 26, 1993.

Peter A. Anderson (orally), Bangor, for plaintiff.

Cabanne Howard (orally), Deputy Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Richard L. Wright, an officer in the Maine Air National Guard, a unit of the Air National Guard of the United States, appeals from the judgment entered in the Superior Court (Penobscot County, *MacInnes, A.R.J.*) dismissing his complaint alleging violations of the Freedom of Access Act on the grounds that: (1) the court lacked subject matter jurisdiction; and (2) the complaint failed to state a claim on which relief could have been granted. We conclude that although the court had jurisdiction over the subject matter of Wright's complaint, nevertheless, the Freedom of Access Act does not apply to disciplinary proceedings before an administrative separation board of the Air National Guard. We therefore affirm the judgment of the Superior Court.

## Factual Background

On July 26, 1991, the defendants [1] initiated administrative proceedings to discharge Wright from his position as Deputy Commander for Maintenance.[2] In accordance with proper Air National Guard regulations, promulgated by the Secretary of the Air Force, the Adjutant General appointed an administrative separation board to issue a recommendation on whether Wright should be discharged. Prior to the hearing, Wright presented a written request to the board, asking that the proceedings be conducted in open session pursuant to the Maine Freedom of Access Act, 1 M.R.S.A. §§ 401–410 (1989 & Supp.1992). Section 403 of the Act provides, in relevant part, that:

> Except as otherwise provided by statute or by section 405, all public proceedings shall be open to the public, any person shall be permitted to attend any public proceeding and any record or minutes of such proceedings that is required by law shall be made promptly and shall be open to public inspection.

As used in the Act, "public proceedings ... means the transactions of any functions affecting any or all citizens of the State by ... [a]ny board or commission of any state agency or authority...." § 402(2)(B).

The administrative separation board refused Wright's request and, following the hearing, recommended to the Adjutant General that Wright be dismissed from the Air National Guard. Wright then commenced the present action in the Superior Court seeking two separate remedies under the Freedom of Access Act. First, he sought an order declaring all board actions invalid pursuant to section 409(2) which

provides, in part, that "[i]f a court, after a trial de novo, determines [that agency] action was taken illegally in an executive session, it shall enter an order providing for the action to be null and void." Second, Wright requested that the court assess, against the defendants, a forfeiture of $500 pursuant to section 410, which provides that "[f]or every willful violation of this subchapter, the state governmental agency or local governmental entity whose officer or employee committed the violation shall be liable for a civil violation for which a forfeiture of not more than $500 may be adjudged." The Superior Court granted the defendants' motion to dismiss on the grounds that: (1) the court lacked subject matter jurisdiction over Wright's complaint because it presents a nonjusticiable military question; and (2) Wright's complaint failed to state a claim on which relief could have been granted because the Freedom of Access Act does not apply to proceedings before an Air National Guard administrative separation board. *See* M.R.Civ.P. 12(b)(1), (6). This timely appeal followed.

## I.

### Motion to Dismiss for Lack of Subject Matter Jurisdiction

The defendants argue that the court lacks jurisdiction over the subject matter because Wright's complaint raises a nonjusticiable military question. The defendants fail, however, to recognize that jurisdiction and justiciability are two separate and distinct concepts. "Jurisdiction of the subject matter" involves the "[p]ower of a particular court to hear the type of case that is then before it." Black's Law Dictionary 767 (5th ed.1979). Justiciability, how-

---

**1.** In addition to the Maine Department of Defense and Veterans Services, and the Maine Air National Guard, Wright's amended complaint names the following individuals as defendants: Nelson E. Durgin, Adjutant General of the State of Maine and Commissioner of the Department of Defense and Veterans Services; Gunnar C. Myrbeck, recorder to the administrative separation board; and David O. Huot, legal advisor to the board.

**2.** Wright alleges that he was being removed because he "blew the whistle" on his superiors for their unauthorized use of military aircraft

and for safety violations existing at the Air National Guard base in Bangor. Concurrent with his filing of a complaint in the Superior Court, Wright initiated an action in the United States District Court for the District of Maine, alleging violations of federal civil rights laws, and both federal and state whistleblower protection laws. The District Court granted the defendants' motion for a summary judgment on the grounds that Wright's complaint presented a nonjusticiable military controversy. *Wright v. Park,* 811 F.Supp. 726 (D.Me.1993).

ever, as it relates to the present case in the form of the political question doctrine, concerns "[q]uestions of which courts will refuse to take cognizance, or to decide, on account of their purely political character, or because their determination would involve an encroachment upon the executive or legislative powers." Black's Law Dictionary 1043 (5th ed.1979). The New York Court of Appeals, in *Jones v. Beame*, 45 N.Y.2d 402, 380 N.E.2d 277, 408 N.Y.S.2d 449 (1978), shed some light on this important distinction by discussing the underlying theme of justiciability:

> the court as a policy matter, **even apart from principles of subject matter jurisdiction,** will abstain from venturing into areas if it is ill-equipped to undertake the responsibility and other branches of government are far more suited to the task. As put by the then Chief Judge Wyzanski, speaking with respect to a political question, abstention was "a recognition that the tools with which a court can work, the data which it can fairly appraise, [and] the conclusions which it can reach as a basis for entering judgments, have limits." (*United States v. Sisson*, D.C., 294 F.Supp. 511, 515).

*Jones*, 380 N.E.2d at 280, 408 N.Y.S.2d at 452 (emphasis added).

A court can have jurisdiction over the subject matter but, nevertheless, have a nonjusticiable issue before it and refuse to hear the case. Because we conclude that the Freedom of Access Act, on its face, does not apply to discharge proceedings before an Air National Guard administrative separation board, we need not reach the question whether application of the Act to these types of proceedings raises a nonjusticiable military or political question. We do conclude, however, that the Superior Court's determination that it lacked subject matter jurisdiction was erroneous.

■ The jurisdiction of the Superior Court is set forth in Section 105 of Title 4 of the Maine Revised Statutes Annotated. "Suffice it here to state that ... the Superior Court exercises the full powers of a court of general jurisdiction, both at law and in equity." 1 Field, McKusick, &

Wroth, *Maine Civil Practice* § 0.1 at 3 (2d ed.1970). Wright's complaint in the present case presents the question whether the Maine Freedom of Access Act applies to an administrative separation board of the Air National Guard. Determining whether a state statute applies to a given set of facts is not only within the Superior Court's powers, but is one of the most important functions of the judiciary in general. In short, Wright's complaint simply "presents a question of legislative intent, which has always been for resolution by the courts." *Joint Tribal Council of Passamaquoddy Tribe v. Morton*, 388 F.Supp. 649, 664 (D.Me.), *aff'd*, 528 F.2d 370 (1st Cir.1975). *See Thornburgh v. Lewis*, 504 Pa. 206, 470 A.2d 952, 955 (1983) (determining the meaning of constitutional and statutory provisions is "precisely the role of the Judiciary in our tri-partite system of government"); *O'Neill v. Thomson*, 114 N.H. 155, 316 A.2d 168, 170 (1974) (interpretation of state constitution and statutes relative to executive and legislative branches is traditional function conferred on judiciary).

We conclude, therefore, that the Superior Court erred in determining that it lacked subject matter jurisdiction and its subsequent dismissal pursuant to M.R.Civ.P. 12(b)(1) was improper.

## II.

### *Motion to Dismiss for Failure to State a Claim*

In reviewing the court's dismissal of Wright's complaint pursuant to M.R.Civ.P. 12(b)(6), we must determine "whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory." *Robinson v. Washington County*, 529 A.2d 1357, 1359 (Me.1987). We must, therefore, make a preliminary determination that the Freedom of Access Act, upon which Wright bases his complaint, applies to proceedings conducted by an Air National Guard administrative separation board. In resolving this question, we must focus on the precise language used in the Act.

The Freedom of Access Act applies to "public proceedings." As used in the Act, "public proceedings ... means the transactions of any functions affecting any or all citizens of the State by any of the following: ... **Any board or commission of any state agency or authority** ...." 1 M.R.S.A. § 402(2)(B) (Supp.1992) (emphasis added). Because we conclude that an Air National Guard administrative separation board is not a board within the meaning of the Act, we affirm the trial court's dismissal for failure to state a claim on which relief can be granted.

The National Guard "is a unique military force in that each unit within the Guard is responsible to two governments, one local (here, [the State of Maine]), and the other federal, i.e., that of the United States." *Penagaricano v. Llenza,* 747 F.2d 55, 56 (5th Cir.1984). As a result, it "does not fit neatly within the scope of either state or national concerns; historically the Guard has been, and today remains, something of a hybrid." *New Jersey Air Nat'l Guard v. Federal Labor Relations Authority,* 677 F.2d 276, 278–79 (3d Cir.1982). Under the National Guard's dual enlistment system, all persons enlisting in a State National Guard simultaneously enlist in the National Guard of the United States. *See Perpich v. Department of Defense,* 496 U.S. 334, 345, 110 S.Ct. 2418, 2425, 110 L.Ed.2d 312 (1990). Pursuant to 32 U.S.C. § 101(6), all persons appointed to the Guard must meet prescribed federal standards for their particular service grade through a process known as "federal recognition." *See Penagaricano,* 747 F.2d at 56. As a consequence of "federal recognition," all Air National Guard members "concurrently hold membership in a distinct federal military organization, the Air National Guard of the United States ('ANGUS')." *Id.* (citing 10 U.S.C. § 8351(a)). Moreover, "[t]he federal government provides virtually all of the funding, the material, and the leadership of the State Guard units." *Perpich,* 496 U.S. at 351, 110 S.Ct. at 2428. It is because of this unique hybrid structure, with its strong federal underpinnings, that we conclude that an administrative separation board of the Air National Guard is not a board of any state agency or authority within the meaning of the Act.

Our conclusion is supported by the Legislature's further inclusion, in section 402(2)(B) of the Act, of the following organizations: the Board of Trustees of the University of Maine System, the Board of Trustees of the Maine Maritime Academy, and the Board of Trustees of the Maine Technical College System. By expressly including these organizations within the Act's reach, the Legislature has demonstrated its ability to incorporate in the Act other institutions that are hybrid agencies. The failure to include an Air National Guard administrative separation board reflects the Legislature's intention that such a board not be governed by the Act's provisions. Rather, the Legislature desires that administrative separation proceedings be governed by the comprehensive and detailed Air National Guard regulatory scheme. *See* 37–B M.R.S.A. § 142 (1989) ("the procedures for ... discharging ... personnel of the state military force shall be consistent with federal laws and regulations prescribed for the National Guard").

Thus, in the absence of an express statutory inclusion of an administrative separation board of the Air National Guard within the terms of the Freedom of Access Act, we conclude that the Act has no application to Wright's discharge proceedings. Accordingly, the court's dismissal on Rule 12(b)(6) grounds was appropriate.

The entry is:

Judgment affirmed.

All concurring.