2001 ME 28

STROUT, PAYSON, PELLICANI, HOKKANEN, STRONG & LEVINE

v.

Edward J. BARKER

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 18, 2001.

Decided Feb. 6, 2001.

Robert J. Levine, Esq., Strout & Payson, P.A., Rockland, for plaintiff.

David Glasser, Esq., Camden, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Edward J. Barker appeals from a judgment entered in the Superior Court (Knox County, *Mead, C.J.*) dismissing his appeal of the District Court's (Rockland, *Anderson, J.*) judgment granting Strout, Payson, Pellicani, Hokkanen, Strong & Levine's (Strout & Payson) motion to renew execution. Barker contends that the District Court lacked subject matter jurisdiction to renew the execution and that the Superior Court abused its discretion in dismissing his appeal on the ground that he failed to provide an adequate record for appellate review. Because the available record demonstrates unequivocally a failure to comply with the statutory prerequisites for renewal of an execution, we vacate the judgment.

## I. CASE HISTORY

[¶ 2] In March 1989, Strout & Payson obtained a default judgment against Barker, and the District Court issued a writ of execution on the judgment in the amount of $1,732.64. At some undetermined point following the issuance of the original writ of execution, Barker was disclosed pursuant to 14 M.R.S.A. § 3122 (1980 & Supp. 2000).[1] In April 1989, pursuant to an order following the disclosure hearing, Barker turned over to Strout & Payson a 1971 MGB GT automobile to be sold pursuant to 14 M.R.S.A. § 3131 (Supp.2000).[2] In June 1989, Strout & Payson apparently sold the MGB for $100 to Island Road Auto. The record includes neither the affidavit and report of sale required to be filed by section 3131 nor the original writ returned to the court. *See* 14 M.R.S.A. § 4653 (1980).[3]

[¶ 3] Nearly a decade after the original writ of execution issued, Strout & Payson filed a motion to renew execution pursuant to section 4653 on the ground that the execution amounts set forth in the 1989 writ remained unsatisfied.[4] The District Court (*French, J.*) granted the motion to renew on March 22, 1999. That same day, Barker filed opposition to renewal of the writ, arguing that the original amount subject to execution was satisfied in full by Barker's turnover of the MGB. Because the motion for renewal was granted prior to the court's receipt of Barker's opposition motion, the court set the matter for hearing.

[¶ 4] The District Court conducted a hearing on the issue in April 1999. The hearing was not electronically recorded. In its order to renew the writ, the court (*Anderson, J.*) determined that:

> Although it is not clear what amount should be credited against the sale of the M.G., it is clear that its sale did not completely satisfy the judgment. If the issue arises at a subsequent disclosure, the parties should be better prepared to prove what the fair value of the automobile was. This problem is at least in part caused by the failure of [Strout & Payson] to follow procedures of 14 M.R.S.A. § 3131.

A renewal writ of execution was then issued to Strout & Payson.

[¶ 5] Barker appealed to the Superior Court the District Court's order granting renewal. Because the hearing in the District Court was not recorded, Barker submitted to the District Court, pursuant to M.R. Civ. P. 76F(c), a statement of the

---

1. Section 3122(1) provides, in pertinent part, that a "judgment creditor, for the purpose of determining the ability of the judgment debtor to satisfy the judgment, may subpoena the judgment debtor by disclosure subpoena to appear before a judge of the District Court."

2. In 1989, section 3131 provided, in pertinent part, that:

   Where it is shown at a disclosure hearing that the judgment debtor owns personal or real property which is not exempt from attachment and execution, the court shall determine the value of such property and the extent to which such property is exempt from attachment and execution. Upon request of the judgment creditor, the court shall order the judgment debtor to turn over to the judgment creditor in partial or full satisfaction of the judgment and costs such items of nonexempt property, the value of which as so determined is less than or equal to the judgment and costs .... The judgment creditor shall sell the property in a commercially reasonable manner within 30 days after the date of said order. The judgment creditor shall remit to the judgment debtor any excess of the proceeds of said sale over the amount of the judgment and costs plus the expenses of the sale and shall file with the court, and mail or deliver to the judgment debtor, an affidavit setting forth the date, place, manner, expenses and proceeds of the sale and reciting that a copy of the affidavit has been mailed or delivered to the judgment debtor.

3. The file contains a copy of the writ, but with no return or execution indicated.

4. Section 4653 provides that an "alias or pluries execution may be issued within 10 years after the day of the return of the preceding execution and not afterwards."

evidence and proceedings.[5] Strout & Payson filed objections to Barker's statement. The District Court refused to approve Barker's statement or to settle Strout & Payson's amended objections. In the Superior Court, Strout & Payson then moved to dismiss Barker's appeal. The Superior Court granted the motion, concluding that "[a]s the defendant has not provided a transcript or record on appeal other than the docket entries—and the docket entries provide no basis for an appeal—his appeal is dismissed and the matter remanded to the District Court." This appeal followed.

## II. DISCUSSION

■ [¶ 6] " 'When a Superior Court acts in an appellate capacity, we directly review the record of the District Court.' " *Harding v. Wal–Mart Stores, Inc.*, 2001 ME 13, ¶ 9, 765 A.2d 73(quoting *Clum v. Graves*, 1999 ME 77, ¶ 9, 729 A.2d 900, 904). "Subject matter jurisdiction refers to the 'power of a particular court to hear the type of case that is then before it.' " *Hawley v. Murphy*, 1999 ME 127, ¶ 8, 736 A.2d 268, 271 (quoting *Wright v. Dep't of Defense & Veterans Servs.*, 623 A.2d 1283, 1284 (Me.1993)). A judgment issued by a court lacking subject matter jurisdiction is void. *See id.*

[¶ 7] Pursuant to M.R. Civ. P. 12(h)(3), a party may challenge a court's subject matter jurisdiction at any time during the proceedings.[6] *See Hawley*, 1999 ME 127, ¶ 8, 736 A.2d at 271 (noting that "an initial failure to challenge the subject matter jurisdiction of the court that issued the order does not preclude a party from raising the issue at a later time"); *Pederson v. Cole*, 501 A.2d 23, 25 n. 2 (Me.1985) (stating that the "defense of lack of subject-matter jurisdiction may be raised at any time, even sua sponte by an appellate court").

[¶ 8] Strout & Payson filed its motion for renewal pursuant to section 4653. The statute provides that an "alias ... execution may be issued within 10 years *after the day of the return of the preceding execution* and not afterwards."[7] *Id.* (emphasis added.) There is nothing in the record establishing Strout & Payson's return of the original writ. Neither the presence of the document nor a docket entry indicate its return.

■ [¶ 9] The language of section 4653 is clear and unambiguous; a court may issue an alias execution only after the preceding execution has been returned. *See also Skolfield v. Skolfield*, 90 Me. 571, 572, 38 A. 530, 531 (1897) (stating that "[a]lias executions and writs of possession issue at any time *after former ones have been returned* ...") (emphasis added).[8]

(Emphasis added.)

---

**5.** Rule 76F(c) provides in relevant part that: In any case in which electronic recording would be routine or has been timely requested under Rule 76H(a) of these rules, *if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available,* the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection, for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon the appellee. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

**6.** The rule provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

**7.** *See* BLACK's LAW DICTIONARY 71 (6th ed.1990) (defining an alias execution as "a second writ of execution issued to enforce a judgment that was not fully satisfied by the sheriff acting under the first or original writ").

**8.** Several states have adopted the view that an original writ of execution must be returned prior to the issuance of an alias writ. *See, e.g., Vitale v. Hotel California, Inc.,* 184 N.J.Super. 512, 446 A.2d 880, 885 (1982), *aff'd,* 187 N.J.Super. 464, 455 A.2d 508 (1982); *Richardson v. Rusk,* 215 Iowa 470,

Accordingly, the return of the original execution is a condition precedent to the court's issuance of the alias execution. Although a sheriff executes the formal return of the writ, Strout & Payson had the burden in the District Court to establish, prior to renewal, that the original writ had been returned. *See, e.g., Hilltop Cmty. Sports Ctr., Inc. v. Hoffman,* 2000 ME 130, ¶ 15, 755 A.2d 1058, 1061–62 (stating that the plaintiff bears the burden of establishing proper notification as a condition precedent for obtaining a deficiency judgment).

[¶ 10] Renewal of the writ of execution is in the nature of a summary proceeding.[9] A "statute authorizing summary proceedings must be strictly construed, and it is essential to the regularity of the proceeding that there be complete conformity to that statute in the exercise of the jurisdiction it confers." *Brennan v. Johnson,* 391 A.2d 337, 339 n. 1 (Me.1978) (citing *Karahalies v. Dukais,* 108 Me. 527, 530, 81 A. 1011, 1012–(1911)). *See also*

Cent. *Maine Charter Corp. v. Wright,* 412 A.2d 69, 70 (Me.1980) (noting in dicta that strict conformity to the statutory language results in a finding that the District Court lacks the authority to issue a writ of execution before the expiration of the 24–hour waiting period after a judgment has become final). Because Strout & Payson has failed to satisfy the condition precedent to issuance of the alias execution, the District Court lacked the authority to issue the renewal writ of execution.

The entry is:

Judgment of the Superior Court vacated. Remanded to the Superior Court to remand to the District Court to recall and void the renewal writ of execution.

---

245 N.W. 770, 772–73 (1932); *Tedder v. Morrow,* 100 Fla. 1486, 131 So. 387, 389 (1930); *People of the State of Illinois, For Use, Etc. v. Brayton,* 37 Ill.App. 319, 320 (Ill.Ct.App. 1890); *Bishop v. Spruance,* 4 Del. 114, 115 (1844). *See also* 33 C.J.S. EXECUTIONS § 97(b) (1998) (noting that unless a statute otherwise provides, "before an alias ... writ can be issued, the writ previously issued, with an appropriate return indorsed thereon, must have been returned, the presumption of law being that the judgment was satisfied on the first execution, until the contrary appears by the return of the officer").

9. A summary proceeding is:

Any proceeding by which a controversy is settled, case disposed of, or trial conducted, in a prompt and simple manner, without the aid of a jury, without presentment or indictment, or in other respects out of the regular course of the common law. In procedure, proceedings are said to be summary when they are short and simple in comparison with regular proceedings, *e.g.,* conciliation or small claims court proceedings as contrasted with usual civil trial. BLACK'S LAW DICTIONARY 1204 (6th ed.1990).