2005 ME 117

Catherine I. (Ziegler) FOLEY

v.

Gary L. ZIEGLER.

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 16, 2005.
Decided: Dec. 2, 2005.

Catherine Foley, Kittery, for plaintiff.

Gary L. Ziegler, Kittery Point, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Gary L. Ziegler appeals from orders entered on his post-judgment motions to modify the 2001 divorce judgment between him and Catherine I. Foley. Ziegler's appeal encompasses several decisions. First, Ziegler is appealing a decision of the District Court (York, *Brodrick, A.R.J.*), which (1) denied Ziegler's motion to change the primary residence of the parties' minor daughter from Foley to him; (2) altered the parties' child support obligations; (3) ordered Foley to pay back child support because primary residence of the parties' minor son changed to Ziegler and Ziegler continued to pay Foley child support for him; and (4) denied Ziegler's motion to change his spousal support obligation. Ziegler also appeals from that court's denial of his motion to reconsider the above judgment as to spousal support. Finally, Ziegler appeals from a decision of the court (*Kennedy, J.*), denying his objections to an order of the Fami-

ly Law Magistrate[1] (*Stavros, FLM*), which was entered after Ziegler filed his motion to reconsider the decision of the District Court as to the child support issues and the District Court referred those issues to the magistrate for decision.

[¶ 2] We affirm those portions of the court's decision concerning the primary residence of the parties' daughter and Ziegler's spousal support obligation.[2] Because we find that the magistrate lacked the authority to dispose of the child support issues on Ziegler's motion for reconsideration, however, we vacate the magistrate's order and remand to the District Court for it to act on the motion.

## I. BACKGROUND

[¶ 3] On June 18, 2001, the District Court (*Janelle, J.*) entered a judgment of divorce between Ziegler and Foley. The court granted shared parental rights and responsibilities of the parties' two children, with primary residential care for both children allocated to Foley. The court ordered Ziegler to pay Foley child support on a weekly basis and spousal support until December 29, 2006. On Ziegler's appeal, we affirmed in an unpublished memorandum of decision.

[¶ 4] Subsequently, Ziegler filed a motion to modify the divorce judgment, whereby he sought primary residential care of both children with a modification of his child support obligation. While this motion was still pending, Ziegler filed a supplemental motion to modify the divorce judgment in which he sought child support arrearages from Foley and the elimination or reduction of his spousal support obligation.

[¶ 5] A two-day hearing was held on these issues in August 2004, and the court issued its decision on September 16, 2004. In its order, the court adopted the recommendations of the guardian ad litem and changed the daughter's schedule between her parents. The court also set Ziegler's child support obligation at $157.53 per week, awarded primary care of the son to him, determined that the son had been in Ziegler's primary care since May 30, 2003, and awarded Ziegler child support arrearages totaling $3560. Further, the court denied Ziegler's request to amend his spousal support obligation.

[¶ 6] On September 24, Ziegler filed a motion for reconsideration of this decision. In his motion, Ziegler once again sought recalculation of his current child support obligation, increased child support arrearages, and the elimination of spousal support. The court denied Ziegler's motion as to spousal support, but it did not grant or deny the motion as to the child support issues. Instead, the court referred these issues to the family law magistrate for decision.

[¶ 7] The magistrate's decision fixed Ziegler's current child support obligation at $127.20 per week and increased the child support arrearages owed him to $5133.[3] Ziegler thereafter filed an objection to the

---

1. As of September 17, 2005, Case Management Officers ceased to exist and became Family Law Magistrates. *See* P.L. 2005, ch. 384 (effective September 17, 2005). Consequently, we employ the title "family law magistrate" in this opinion.

2. We find that none of the arguments Ziegler raises regarding these issues merit discussion.

3. The difference between the two determinations of arrearages appears to be based on the fact that for the first determination of arrearages, $44.12 was entered as the weekly health insurance cost for each child, though this figure represented what Foley paid per week for health insurance coverage for both children. For the second determination of arrearages, $22.06 was entered as the weekly health insurance cost for each child.

magistrate's order, which the District Court denied. This appeal followed.

## II. DISCUSSION

▇ [¶ 8] Although neither party raises the issue of the family law magistrate's authority to decide the child support issues on Ziegler's motion for reconsideration, the issue of a court's authority may be raised *sua sponte* at any point. *See Strout, Payson, Pellicani, Hokkanen, Strong & Levine v. Barker*, 2001 ME 28, ¶ 7, 765 A.2d 994, 996; *Pederson v. Cole*, 501 A.2d 23, 25 n. 2 (Me.1985) (stating that "[t]he defense of lack of subject-matter jurisdiction may be raised at any time, even *sua sponte* by an appellate court"); M.R. Civ. P. 12(h)(3); M.R.App. P. 4(d).

▇ [¶ 9] The Legislature created the Family Division within the District Court to "provide a system of justice that is responsive to the needs of families and the support of their children." 4 M.R.S.A. § 183 (Supp.2004); M.R. Fam. Div. II(A). To carry out this purpose, the Family Division was given "jurisdiction over family matters filed in District Court." 4 M.R.S.A. § 183. This jurisdictional grant vests in family law magistrates the authority, pursuant to section 183(1)(D), to, among other things, "hear and dispose of ... [f]inal orders in a contested proceeding when child support is the only contested issue[.]" *Id.* § 183(1)(D)(4). In other words, pursuant to section 183(1)(D)(4), a magistrate has authority over a final child support order when child support is the only contested issue. A magistrate does not have authority to dispose of a final child support order when there are issues other than child support being contested. The importance of a magistrate's authority in such cases is not merely a matter of technical application of the statute, but one of real importance to the parties involved. Though it was not the case here, referring the child support issues to a magistrate when the court decides other issues—such as spousal support—creates the possibility that different income figures could be attributed to each party for each calculation. If that were to happen, uniformity in decisionmaking would be lost and a party's substantial rights may be affected.

▇ [¶ 10] Based on Ziegler's two post-judgment motions to modify the 2001 divorce judgment, there were at least four separate issues before the court, including child support, child support arrearages, residential care of the parties' daughter, and Ziegler's spousal support obligation. Each of these issues was contested in a hearing that spanned two days.

[¶ 11] Following the court's decision on these four issues, Ziegler filed a motion for reconsideration of its spousal support and child support decisions. The court referred the child support decisions to the magistrate.

[¶ 12] Referring the child support issues to the magistrate does not comport with section 183(1)(D)(4). The magistrate was called upon to enter a child support order in a proceeding in which there were a number of contested issues other than child support. We must therefore conclude that the magistrate did not have authority to decide the issues referred to her by the District Court.

[¶ 13] Because we find that the District Court erred in referring the child support issues to the magistrate, we vacate the judgment of the District Court relying solely on the magistrate's work and remand this matter to the District Court for action on the child support issues contained in Ziegler's motion for reconsidera-

tion.[4] We affirm the decision of the District Court in all other respects.

The entry is:

Judgment vacated in part and affirmed in part. Remanded for further proceedings consistent with this opinion.

4.  In acting on Ziegler's motion for reconsideration, the District Court must address Ziegler's argument that an incorrect gross income figure was attributed to Foley when child support arrearages were calculated.