MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:     2017 ME 80
Docket:       Pen-16-333
Submitted
  On Briefs:  April 27, 2017
Decided:      May 4, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

BRIAN DANIELSON

v.

YI PENG

PER CURIAM

[¶1]  Brian Danielson appeals from a judgment of the District Court (Bangor, *Jordan, J.*) dismissing as moot Danielson's March 2016 motion for relief from a post-divorce contempt judgment that had been entered against him in 2015.  We affirm the court's judgment.

[¶2]  Danielson and Yi Peng were divorced through a judgment entered in April 2013.  The judgment established that the parties would share parental rights and responsibilities of their then six-year-old daughter, and it set forth a schedule of contact.  The judgment required the parties to confer with each other regarding medical decisions, with Danielson having final decision-making authority regarding medical issues if the parties could not agree.

[¶3]   In February 2015, Peng moved for contempt on the ground that Danielson was depriving her of contact with the child.  The court (*Dow, J.*) found Danielson in contempt in a judgment signed on March 20, 2015, because Danielson had deprived Peng of contact and had attempted to have the child take prescription medication without first consulting with Peng.  The court imposed a seven-day jail sentence on Danielson but stayed it in its entirety.  Danielson filed a motion for contempt against Peng a week later, arguing that she had failed to administer the medication after Danielson had first consulted with her and then decided it should be given.  By order entered on November 2, 2015, the court denied Danielson's motion for contempt.

[¶4]   Danielson appealed from both the judgment granting Peng's motion for contempt and the judgment denying his motion for contempt.  We affirmed the judgments.  *See Danielson v. Peng*, Mem-16-111 (Oct. 11, 2016); *Danielson v. Peng*, Mem-16-11 (Feb. 2, 2016).

[¶5]   Now, for a second time, Danielson challenges the judgment finding him in contempt, this time arguing that the court lacked jurisdiction to decide the contempt motion because it had granted a change of venue before holding the contempt hearing.  An argument that venue was improper does not constitute a challenge to the court's subject matter jurisdiction, however, and

therefore may not be raised at any time. *See Powers v. Planned Parenthood of N. New Eng.*, 677 A.2d 534, 538 (Me. 1996); *see also Strout, Payson, Pellicani, Hokkanen, Strong & Levine v. Barker*, 2001 ME 28, ¶ 7, 765 A.2d 994; *Biette v. Scott Dugas Trucking & Excavating, Inc.*, 676 A.2d 490, 495 (Me. 1996); *State v. True*, 330 A.2d 787, 789 (Me. 1975); *State v. Baldwin*, 305 A.2d 555, 558 (Me. 1973). A challenge to a trial court's venue may be raised only in a timely appeal. *See* 14 M.R.S. § 1901 (2016); 19-A M.R.S. § 104 (2016); M.R. App. P. 2(a)(1), (b)(3). Accordingly, the court did not err in determining that Danielson's motion for relief—filed only after we had already affirmed the contempt judgment on appeal, *Danielson v. Peng*, Mem-16-11 (Feb. 2, 2016)— raised no "real and substantial controversy." *Mainers for Fair Bear Hunting v. Dep't of Inland Fisheries & Wildlife*, 2016 ME 57, ¶ 5, 136 A.3d 714 (quotation marks omitted).

[¶6] We note that Danielson, through this third appeal relating to the court's 2015 contempt judgments, seeks relief from a decision issued two years ago regarding medical treatment of the parties' daughter, who is now ten years old. Because we have fully reviewed both of those 2015 judgments on appeal, the District Court should carefully consider a summary dismissal of

any other motions filed by Danielson seeking to collaterally attack those judgments.

The entry is:

Judgment affirmed.

———————————————

Brian Danielson, appellant pro se

Yi Peng did not file a brief

Bangor District Court docket number FM-2015-157
For Clerk Reference Only