2010 ME 92

**Crystal M. REAL**

v.

**Adam M. REAL.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 7, 2010.

Decided: Sept. 14, 2010.

Adam M. Real, Fort Belvoir, VA, pro se.

Crystal M. Real did not file a brief.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1]  In this appeal from the entry of a protection from abuse judgment, the appellant challenges only that part of the court's judgment ordering spousal support payments.  Because the judgment was entered against a member of the Armed Services on active duty who did not appear at the hearing, federal law, specifically, the Servicemembers Civil Relief Act, 50 U.S.C.S. app. § 521 (2006), requires that we vacate the challenged support order.

## I.  CASE HISTORY

[¶ 2]  This matter is before us on appeal by Adam M. Real from the judgment of the District Court (South Paris, *Stanfill, J.*) entered in a protection from abuse action pursuant to 19–A M.R.S. § 4007 (2009).

[¶ 3]  There is no transcript of any of the proceedings that led to issuance of protection from abuse orders in Virginia and Maine, and we therefore have only the pleadings and the judgment for appellate review.  In such a review, we are limited to examining the four corners of the judgment to determine whether the court had

the statutory authority to take the action subject to the appeal. *Strout, Payson, Pellicani, Hokkanen, Strong & Levine v. Barker,* 2001 ME 28, ¶¶ 1, 7–10, 765 A.2d 994, 996.

[¶ 4] The limited record indicates the following. Crystal M. Real and Adam M. Real began living together sometime in the spring of 2009. Also living with them was Crystal's two-year-old daughter from a prior relationship. Adam also has a child, not living with him, from a prior relationship. The parties have no children together.

[¶ 5] Adam was employed with the Maine National Guard and, at some point, transferred to active duty with the United States Army. In the summer of 2009, as part of Adam's Army duty, he was transferred to Fort Belvoir, Virginia. The couple then began living in the vicinity of Fort Belvoir. They were married in Virginia on August 19, 2009.

[¶ 6] One month later, on September 19, 2009, Crystal filed an application for a protection from abuse order in the District Court for Fairfax County, Virginia. A temporary order was issued, on or about that date, barring Adam from having any contact with Crystal. The temporary order was to expire on September 25, 2009. Crystal's application for a temporary order did not seek any payments for support, and the resulting court order did not mandate any payment of funds by Adam to Crystal.

[¶ 7] Filings by both parties in the record of this appeal indicate that an order, extending the original temporary order, was to expire on or before October 8, 2009, when a final hearing on the protection from abuse petition was scheduled to be held. No hearing was apparently held on

that petition. At some point during this time period, Crystal moved back to Maine from Virginia. The file contains no information indicating whether the protection from abuse action remained pending in Virginia.

[¶ 8] On December 10, 2009, Crystal filed a protection from abuse action in the District Court at South Paris. The application for the protection from abuse order indicated that the relief Crystal was requesting included a support payment of $681 a month, which she characterized as a share of Adam's military housing allowance.

[¶ 9] The court granted a temporary order for protection from abuse and scheduled a hearing on the final order for December 29, 2009. The return of service document indicates that, on or about December 15, 2009, Adam was served at Fort Belvoir with a copy of the temporary protection from abuse order and a notice of hearing on the final protection from abuse order. The return of service document does not explicitly list the protection from abuse complaint as having been served with the temporary order and notice of hearing.

[¶ 10] The hearing was held as scheduled on December 29, 2009. Adam did not appear, nor did counsel appear on his behalf. The court granted the final protection from abuse order as requested, including an award of $681 a month support to be paid to Crystal for the two-year duration of the order. The order directed that: "[t]he defendant pay the sum of $681.00 per month toward the support of the plaintiff, first payment due Dec. 1, 2009." [1]

[¶ 11] The order included no findings addressing the propriety of entering what was, in essence, a default judgment requir-

---

1. The order required payments in the total amount of $16,344. There is no indication in the record that any concurrent divorce proceeding has been filed by either party in Virginia or in Maine.

ing the payment of money by a person, not present at hearing, who was on active duty with the United States Army. *See* 50 U.S.C.S. app. § 521; 37–B M.R.S. § 389–A(3) (2009).

[¶ 12]   Adam filed a timely appeal from the court's order.  He does not contest the no-contact provisions of the protection from abuse order, but he does specifically contest the requirement that he pay Crystal $681 each month for two years.

## II.   LEGAL ANALYSIS

[¶ 13]   We take this opportunity to address the special needs and protections of law afforded to members of our Armed Forces on active duty, when those servicemen and women are parties to litigation. The "Servicemembers Civil Relief Act" of 2003,[2] prohibits entry of a civil judgment against a member of the active duty military who, although served, does not appear for a hearing, unless further protective steps are taken.  *See* 50 U.S.C.S. app. § 521.  Section 521 was not called to the trial court's attention and is not explicitly cited by Adam in his appeal.  However, unless there has been an affirmative waiver of the protections of the Act by the servicemember, section 521 constitutes a statutory bar to the trial court's authority to enter a judgment in the absence of an appearance by the servicemember or his counsel.

[¶ 14]   In the matter before us, the court entered a judgment requiring that "[t]he defendant pay the sum of $681 per month toward the support of the plaintiff, first payment due Dec[ember] 1, 2009." This portion of the form order is based on 19–A M.R.S. § 4007(1)(I) (2009), which authorizes a court to enter an order that may include "[o]rdering the payment of *temporary* support for the dependent party or for a child in the dependent party's custody in accordance with chapter 63, or both, when there is a legal obligation to support that dependent party or that child, or both." (Emphasis added.)  The authorization to enter a temporary support order that is otherwise authorized by law allows the court to require a brief period of support while the petitioner seeks to effectuate any separate legal obligation to pay support.

[¶ 15]   The parties to this matter were married.  Thus, the court had the authority in the protection from abuse proceeding to enter a *temporary* support order for a brief period of time, because a legal obligation to support a spouse is found in Maine's divorce laws.  *See* 19–A M.R.S. § 951–A (2009).  In any proceeding against a servicemember, however, federal law requires that, before granting the requested relief in the absence of that party or his or her attorney, the court appoint an attorney to inquire into and represent the servicemember's interest in the action. Section 521 "applies to any civil action or proceeding ... in which the defendant does not make an appearance."[3]  Section 521(b)(2) requires that "[i]f in an action covered by this section it appears that the

---

2.  The *Servicemembers Civil Relief Act of 2003*, Pub.L. No. 108–189, 117 Stat. 2835, repealed and replaced the Soldiers and Sailors Civil Relief Act of 1940.  *See* 50 U.S.C.S. app. §§ 501–706 (2006).

3.  Title 50 U.S.C.S. app. § 521 (2006) provides, in pertinent part:
(a) **Applicability of section.**  This section applies to any civil action or proceeding ... in which the defendant does not make an appearance.

(b) **Affidavit Requirement.**
....
(2) Appointment of attorney to represent defendant in military service.  If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant.  If an attorney appointed under this section to represent a servicemember cannot locate the servicemember,

defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant."

[¶ 16] From the face of the pleadings, it was apparent that Adam was on active duty in the military. The court did not, however, appoint an attorney for Adam after noting his absence as required by 50 U.S.C.S. app. § 521(b)(2). Rather, the court proceeded to hear the case in the absence of an appearance by Adam or his attorney, and entered a judgment requiring Adam to pay Crystal $681 a month for two years, presumably to come from his military pay.[4]

[¶ 17] Setting aside the concern that the support awarded in this case does not

actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.

. . . .

**(d) Stay of proceedings.** In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that—

(1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or

(2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

. . . .

**(f) Section 202 protection.** If a servicemember who is a defendant in an action covered by this section receives actual notice of the action, the servicemember may request a stay of proceeding under section 202 [50 U.S.C.S. app. § 522 (2006)].

**(g) Vacation or setting aside of default judgments.**

(1) Authority for court to vacate or set aside judgment. If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that—

(A) the servicemember was materially affected by reason of that military service in making a defense to the action; and

(B) the servicemember has a meritorious or legal defense to the action or some part of it.

(2) Time for filing application. An application under this subsection must be filed not later than 90 days after the date of the termination of or release from military service.

4. Maine law also provides protections for servicemembers on active duty. Title 37–B M.R.S. § 389–A(3) (2009) generally applies to civil actions that involve a person who is on active duty in the military and who appears and is participating in an action. It is generally consistent with similar protections for active duty military personnel specified in federal law. *See* 50 U.S.C.S. app. § 522. Title 37–B M.R.S. § 389–A(3), is similar to section 522, but section 389–A makes special provision for matters involving children, an issue not presented in this case. Section 389–A states:

3. **Stay of proceeding.** Any action or proceeding in any court in which a service member is involved, either as plaintiff, defendant or attorney, if the plaintiff, defendant or attorney is a member of the National Guard or the Reserves of the United States Armed Forces, during the period of any military service or within 60 days after any military service, at the discretion of the court, or by the member's own motion or motion of the court, may be stayed at any stage of the proceeding unless, in the opinion of the court, the ability of the plaintiff to prosecute the action, the defendant to conduct the defendant's defense or the attorney to represent either party is not materially affected by reason of the member's military service, except that an action or proceeding involving a child may not be stayed unless the stay is in the best interest of the child.

Here Adam, while having been served, had not appeared and participated in the action when the judgment entered. Thus, the court's action was governed by 50 U.S.C.S. app. § 521, not section 522 or 37–B M.R.S. § 389–A(3).

appear to have been "temporary,"[5] the support payment requirement was imposed in a proceeding in which Adam had been served, but had not appeared. That judgment, entered in a proceeding against a member of the Armed Forces on active duty who has not appeared, was prohibited by 50 U.S.C.S. app. § 521, and must be vacated.

The entry is:

The portion of the protection from abuse judgment awarding support is vacated, and the judgment is otherwise affirmed.

---

5. There is no indication in the record that either Crystal or Adam has filed for divorce. When the parties are married and the plaintiff intends to initiate a divorce action, the length of the temporary support ordered pursuant to 19–A M.R.S. § 4007(1)(I) should be limited to the period reasonably required for the plaintiff to file a divorce action and be heard on a request for interim spousal support pursuant to 19–A M.R.S. § 951–A(2)(E) (2009).