STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-10-025

TD BANK, N.A., f/k/a
TD BANKNORTH, N.A.,

Plaintiff,

v.

**ORDER**

**(Title to Real Estate Involved)**

SHANA L. INDIGO, f/k/a Shana
Proctor and Shana Galvin, and
MICHAEL J. PROCTOR,

Defendants

and

GRAHAM HILL CONDOMINIUM
ASSOCIATION,

Party-In-Interest

STATE OF MAINE
Cumberland, SS. Clerk's Office
FEB 2 3 2011
RECEIVED

Plaintiff T.D. Bank, N.A., moves for summary judgment against defendants Michael Proctor and Shana Indigo, formerly Shana Proctor. Mr. Proctor and Ms. Proctor signed a note and mortgage in favor of T.D. Bank on November 28, 2005. (Supp. S.M.F. ¶ 1.) The mortgage identifies condominium property at Unit 17 of Graham Hill, located at 17 Graham Road in Westbrook, Maine. (Supp. S.M.F. ¶ 1.) Two other individuals named in the note and mortgage, Mindie and James Galvin, no longer have any interest in the property. (Supp. S.M.F. ¶ 3.)

T.D. Bank mailed a notice of default to the defendants on September 24, 2009. (Supp. S.M.F. ¶ 6.) The defendants now allegedly owe $128,188.06 plus interest accruing at 6.34% per annum. (Supp. S.M.F. ¶ 11(a).) The Graham Hill

1

Condominium Association also has a lien on the property for condo fees totaling $150.00 as of March 1, 2010. (Supp. S.M.F. ¶ 11(b).) This action for foreclosure was filed on January 22, 2010.

T.D. Bank's complaint and subsequent filings make it clear that defendant Mr. Proctor is a serviceman in the United States Navy and is currently on active duty. (Compl. ¶ 3; Pl.'s M. to Enlarge Time for Service.) The federal Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501–596, affords servicemen and women on active military duty a number of protections when a civil action is brought against them. Where a serviceman named as a defendant has not appeared in a action, as is the case here, the court cannot grant relief until an attorney has been appointed "to inquire into and represent the servicemember's interest in the action." *Real v. Real*, 2010 ME 92, ¶ 15, 3 A.3d 1196, 1198 (citing 50 U.S.C. app. § 521.) Mr. Proctor appears to be in military service. He has not filed an appearance and no attorney has been appointed to represent him, so the court cannot issue judgment against him at this time.

In an action for foreclosure, the servicemember's "period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited . . . ." 50 U.S.C. § 526(b). If a financial obligation is incurred before the servicemember enters military service, interest on that obligation is capped at 6% and any acceleration of principal must be adjusted accordingly. 50 U.S.C. app. § 527. The Relief Act's protections may be extended to codefendants and co-obligors not in military service. 50 U.S.C. §§ 513, 525(b).

The Relief Act also contains provisions that protect servicemembers from the foreclosure of mortgages originated prior to their period of military service.

2

50 U.S.C. app. § 533(a)(1). When an action is brought on such a mortgage during a servicemember's period of service or within nine months of its termination, "the court may after a hearing and on its own motion" stay proceedings and adjust the servicemember's obligation if his or her ability to comply is materially affected by military service. 50 U.S.C. app. § 533(b). Foreclosures and sales of property may also be invalidated under certain circumstances, and penalties may be issued against the foreclosing party. 50 U.S.C. app. § 533(c)–(d).

T.D. Bank's motion for summary judgment omits any mention of the Service Act or Mr. Proctor's apparent active status in the military. Where a homeowner has not appeared, mortgagees must include "a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the" Relief Act. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, 511 (citing 50 U.S.C. app. § 521, M.R. Civ. P. 55(b)(4)). T.D. Bank's failure to do so here precludes an entry of judgment in its favor.

While the complaint indicates that Mr. Proctor is actively serving in the military, the court has not been directed to an affidavit establishing that he is or is not in active service. This is a question of material fact. If Mr. Proctor is in active service, an attorney will have to be appointed to represent his interests. Whether Mr. Proctor was in active service when he executed his mortgage is also a question of material fact that will affect the plaintiff's recovery. Finally, practical considerations weigh against issuing a foreclosure judgment against Ms. Indigo in her sole capacity while Mr. Proctor's status remains in doubt.

**The entry is:**

The plaintiff's motion for summary judgment is denied without prejudice.

DATE: _Feby 23, 2011_

Roland A. Cole
Justice, Superior Court

4

TD BANK NA VS SHANA L INDIGO ET ALS
UTN:AOCSsr  -2010-0006527                    CASE #:PORSC-RE-2010-00025

---

01 0000000645          CADOT, ANDREW
   ONE CANAL PLAZA SUITE 900 PO BOX 426 PORTLAND ME 04112-0426

| F | TD BANK NA | PL | RTND | 01/22/2010 |
|---|---|---|---|---|
| | | | W/DRWN | 06/07/2010 |

02 0000003188          SZWED, SUSAN
   PMB 815 PO BOX 9715 PORTLAND ME 04104-5015

| F | GRAHAM HILL CONDOMINIUM ASSOCIATION | PII | RTND | 03/02/2010 |
|---|---|---|---|---|

03 0000010012          WILLIAMS, STEPHANIE
   ONE CANAL PLAZA SUITE 900 PO BOX 426 PORTLAND ME 04112-0426

| F | TD BANK NA | PL | RTND | 01/22/2010 |
|---|---|---|---|---|